COTTRILL vs. CRAMER and others.

*December 12, 1883 — January 8, 1884.*

· *Libel: Damages: Inconsistent verdict.*

A special verdict in an action of libel, finding facts which would justify the giving of exemplary damages, but awarding nominal damages only, should be set aside as inconsistent.

APPEAL from the County Court of *Milwaukee* County. Action for a libel. The cause was before this court on former appeals, and is reported in 40 Wis., 555, and 43 Wis., 242. There was a special verdict, the substance of which is sufficiently stated in the opinion. A motion to set aside the verdict and for a new trial was denied, and the plaintiff appealed from a judgment in his favor for six cents damages and six cents costs.

*Burton Hanson*, for the appellant, to the point that the verdict was perverse, cited: *Emmons v. Sheldon*, 26 Wis., 648; *McDonald v. Walter*, 40 N. Y., 551; *Falvey v. Stanford*, L. R. 10 Q. B., 54; *Richards v. Sanford*, 2 E. D. Smith, 349; *Collins v. A. & S. R'y Co.*, 12 Barb., 492; *Pound v. Roan*, 45 Wis., 129. The libel being found malicious, the jury ought to have given punitive damages. *Hooker v. Newton*, 24 Wis., 292; *Tillotson v. Cheetham*, 3 Johns., 56; *McWilliams v. Bragg*, 3 Wis., 424; *Bass v. C. & N. W. R'y Co.*, 42 id., 673; *Cramer v. Noonan*, 4 id., 231; *Birchard v. Booth*, id., 67; *Morely v. Dunbar*, 24 id., 183; *Craker v. C. & N. W. R'y Co.*, 36 id., 677.

*J. J. Orton*, for the respondents, to the point that the question of damages in libel cases is peculiarly the province of the jury, and their verdict will be disturbed only in case of misdirection by the judge or misbehavior of the jury, cited: Odgers on L. & S., 558, 559; *Forsdike v. Stone*, L. R. 3 C. P., 607; *Rendall v. Hayward*, 5 Bing. N. C., 424; *Kelly v. Sherlock*, L. R. 1 Q. B., 686, 697; Starkie on S. & L., 744–746; Townsend on L. & S., 536, 540–543; *Armytage v. Haley*, 4 Ad. & El. (N. S.), 917; *Baker v. Dixie*, 2 Strange, 1051; 2 Sedgw. on Dam., 656–661.

COLE, C. J. The special verdict in this case is strangely inconsistent, and should have been set aside for that reason alone. In answer to specific questions submitted, the jury, in effect, found that the defendant, *William E. Cramer*, in writing and publishing the article set out in the complaint, was actuated by ill-will, spite, a wicked and mischievous intention, by express malice, revengeful and malevolent feelings towards the plaintiff; further, that the article was not privileged as being a fair criticism upon the speeches of the plaintiff as a public man on a subject which concerned the public generally; also that the said defendant did not write the article *bona fide*, with an honest belief in the truth of it. It would certainly be difficult for the jury, by the use of the English language, to have found more clearly and distinctly that *Mr. William E. Cramer*, in writing and publishing the article in question, was actuated by personal hate, vindictive feelings, and express malice towards the plaintiff, than they did by the verdict. Yet, when the jury come to assess the damages which the plaintiff suffered by reason of the publication of the libel, they award only six cents. The plaintiff is a lawyer, in high standing in his profession, and it is not claimed that his general good character or reputation, either as a public man or private citizen, was in any way impeached or called in question. This being the case, it requires no

Cottrill vs. Cramer and others.

argument to show that the plaintiff was entitled to recover substantial damages for the wrongful acts of the defendants. The direct and necessary tendency of a defamatory publication is to cause damage to the aggrieved party by degrading him in the esteem and good opinion of mankind, whether so intended or not. But here the jury find that the article was written and published in a spirit of pure wickedness, with express malice, and with the intent to injure the plaintiff. In other words, the jury find facts which would justify the giving of exemplary damages, under the decisions of this court, while nothing but mere nominal damages were awarded. It is inconceivable how such a result could have been reached by an honest jury under the charge of the court, especially in view of another finding that the author of the article was not actuated by an honest belief that it was his duty, as a public journalist, to write and publish it for the purpose of doing good, and to correct public sentiment on the subject of the plaintiff's speeches. Consequently, we are forced to the conclusion that the jury must have acted, in awarding damages, under some bias, or mistake of the law applicable to the case. We shall not look into the evidence to see whether it warranted the findings or not. It is sufficient to say that the special verdict is inconsistent for not giving substantial damages upon the other facts which were found.

The learned counsel for the defendants insists that the question of damages in libel is one peculiarly within the province of the jury, and that the verdict will not be disturbed, because the damages are small, save only where there has been some misdirection of the court, or misbehavior on the part of the jury. If there had been no special verdict in the case, but only a general one, the rule relied on by counsel might possibly control. Even then, there is no inexorable rule of practice which precludes the court from granting a new trial on account of the smallness

of the damages.    Odgers on S. & L., 559.    But clearly the rule cannot apply here, where the jury find all the facts which entitle the plaintiff to substantial damages.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded for a new trial.

